IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DAVID BRINKLEY,   )
                  )
    Plaintiff,    )
                  )
v.                )     Civil Action No. 3:11-CV-1158
                  )     Judge Sharp/Bryant
THEODORE G. LOFTIS, et al., )
                  )
    Defendants.   )
                  )

To: The Honorable Kevin Sharp, District Judge

## REPORT AND RECOMMENDATION

Currently pending in this civil rights action is the Defendants' Motion to Dismiss for Failure to State a Claim. (Docket Entry No. 8.) As further explained below, after having considered the motion, response, and related papers, the undersigned Magistrate Judge hereby recommends that Defendants' motion to dismiss be **GRANTED**.

## I. INTRODUCTION

On December 7, 2011, Plaintiff David Brinkley, an inmate housed at the Sumner County Jail, filed this *pro se* action, *in forma pauperis*, and asserted civil rights claims pursuant to 42 U.S.C. § 1983 (Docket Entry No. 2) and certain common law causes of action, including false imprisonment, against the following defendants: Theodore Loftis[1], an Officer of the Sumner County Sheriff's Department; James Hunter, a Sumner County General Sessions Judge; Wade

---

[1] Defendant Loftis has not joined in this motion, but has filed a motion for a more definite statement. (Docket Entry No. 10.)

1

Smith, a Magistrate in Sumner County; Cheryl McPherson, the foreperson of the Grand Jury in Sumner County; and the Sumner County Sheriff's Department. (Docket Entry No. 1.) Plaintiff seeks both compensatory and punitive damages against the Defendants. (*Id.* at 8.)

Defendants Hunter, Smith, McPherson, and the Sheriff's Department have filed a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) (Docket Entry No. 8). Defendants Hunter, Smith and McPherson assert that the complaint against them must be dismissed because they are all entitled to absolute immunity for decisions made in their official capacities. The Sheriff's Department claims that the complaint against it fails because it is not a proper party to a 42 U.S.C. § 1983 action. Plaintiff has failed to respond to the Defendants' motion.

## II. STATEMENT OF THE CASE

Plaintiff is an inmate at the Sumner County Jail. (Docket Entry No. 1.) On December 7, 2011 he filed a complaint alleging a violation of his civil rights and asserting certain common law causes of actions. (*Id.*) Reduced to the essentials, Plaintiff claims that he was deprived of various constitutional rights and was falsely imprisoned in the Sumner County Jail as a result of his arrest for driving under the influence. (*Id.*)

With respect to each of the moving Defendants, Plaintiff alleges the following: (1) <u>Judge James M. Hunter</u>: Defendant Hunter is a presiding judge in the Sumner County General Sessions Court. (*Id.* at 6.) Plaintiff alleges that Judge Hunter denied him a preliminary hearing and "wrongfully bound him over" to the Grand Jury before his post-arrest lab tests had been received, all in violation of his Fourteenth Amendment rights (*Id.* at 6); (2) <u>Cheryl McPherson</u>:

2

Defendant McPherson is the Grand Jury foreperson in Sumner County. (*Id.*) Plaintiff alleges that she violated his civil rights by "falsifying a true bill and unlawfully forming an indictment" which Plaintiff claims "psychologically forced [him] into an illegal plea agreement." (*Id.*); (3) Wade Smith: Defendant Smith is a Magistrate in Sumner County. (*Id.* at 7.) Plaintiff alleges that Defendant Smith violated his Eighth Amendment rights by placing bail at an excessive amount ($250,000). (*Id.*) Plaintiff also claims that he was "kidnapped and extorted" but has provided no details as to this allegation. (*Id.*) Plaintiff claims, generally, that he has been falsely imprisoned and subjected to cruel and unusual punishment, although it is unclear against whom he asserts these allegations (*Id.* at 8-9.); (4) Sumner County Sheriff's Department: Plaintiff has listed the Sheriff's Department as a defendant, but his Complaint contains no allegations against the Department itself (*see generally* Docket No. 1.); (5) Theodore Loftis: Plaintiff claims that the non-moving Defendant, Theodore Loftis, an officer with the Sumner County Sheriff's Department, falsely arrested him, slandered him, and violated his Fourth Amendment rights. (*Id.* at 9.) As mentioned above, Defendant Loftis is not one of the moving Defendants herein.

### III. CONCLUSIONS OF LAW

#### A. Defendants' Motion to Dismiss for Failure to State a Claim

Defendants Hunter, Smith, McPherson, and the Sumner County Sheriff's Department have moved to dismiss Plaintiff's complaint against them for failure to state a claim upon which relief may be granted. (Docket Entry No. 8.) As further explained below, the undersigned agrees that Plaintiff has failed to state a claim upon which relief may be granted and finds that the law is on the Defendants' side, requiring dismissal of the claims against them.

3

## 1. Standard of Review

In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), the Court must view the complaint in the light most favorable to the plaintiff, accepting all well-plead factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although Federal Rule of Civil Procedure 8(a)(2) requires merely "a short and plain statement of the claim," the plaintiff must allege enough facts to make the claim plausible. *Bell v. Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). He must plead well enough so that his complaint is more than "a formulaic recitation of the elements of a cause of action." *Id.* at 555. "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin American Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). Nevertheless, the Court need not accept legal conclusions or unwarranted factual inferences as true, *Iqbal*, 556 U.S. at 677-78; *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987), and a complaint containing mere legal conclusions alone will "not unlock the doors of discovery for a plaintiff." *Iqbal*, 556 U.S. at 678. While a *pro se* complaint is to be "liberally construed" and "must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), "basic pleading essentials" must still be met. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

B. <u>Analysis of Defendants' Motion to Dismiss</u>

The moving Defendants seek dismissal of Plaintiff's claims against them pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Specifically, the moving Defendants assert that Defendants Hunter and Smith, as judges, and Defendant McPherson, as a Grand Jury member, are immune from suit for actions taken in their official capacities. Additionally, the Sumner County Sheriff's Department asserts that it is not a proper party to a § 1983 claim.

1. <u>Defendants Hunter, Smith, and McPherson are immune from suit under applicable law</u>.

As discussed above, Plaintiff primarily contends that Defendants Hunter, Smith and McPherson violated his constitutional rights. Specifically, he claims Judge Hunter violated his Fourteenth Amendment rights by allegedly denying him a preliminary hearing and by binding him over to the Grand Jury.[2] Plaintiff claims that Magistrate Smith violated his Eighth Amendment rights by setting his bail too high. These Defendants claim in their motion to dismiss that the Plaintiff has failed to state a claim upon which relief can be granted because, as judges, they have complete immunity for decisions made in their judicial capacity.[3] The Defendants cite to *Johns v. Bonnyman* in support of their position. In *Johns,* the Sixth Circuit addressed claims similar to those made by Plaintiff in the case at bar. 109 F. App'x 19 (6th Cir. Aug. 6, 2004). There, the plaintiff filed a 42 U.S.C. § 1983 claim against several defendants,

---

[2] Plaintiff also asserts that Judge Hunter committed a "Personal Tort" against him in binding him over to the Grand Jury, but he fails to specify any tort in particular.

[3] "The immunity of a judge for acts within his jurisdiction has roots extending to the earliest days of the common law." *Imbler v. Pachtman*, 424 U.S. 409, 423 n.20 (1976)(citing *Floyd v. Barker*, 12 Coke 23, 77 Eng.Rep. 1305 (1608)).

including four Chancellors of the 20th Judicial District and five Tennessee Supreme Court Justices, for decisions made in their official capacities. *Id.* at 20. The district court dismissed the plaintiff's claims, and the Court of Appeals affirmed this dismissal, holding that "judges are entitled to absolute judicial immunity from suits for money damages for all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of any jurisdiction."[4] *Id.* at 21.

Judicial immunity can only be trumped in two distinct situations. "First, a judge is not immune from liability for nonjudicial actions, *i.e.,* actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (citing *Stump v. Sparkman,* 435 U.S. 349, 356-57, 360 (1978)). In the case at bar, it is undisputed that Judge Hunter and Magistrate Smith both had proper jurisdiction over Plaintiff's case. Additionally, like the defendants in *Johns,* Judge Hunter and Magistrate Smith were clearly performing duties within their judicial capacity when they made the decisions about which Plaintiff now complains. Therefore, because Defendants Hunter and Smith are immune from suit for decisions made in their judicial capacities, Plaintiff's complaints against them fail to state a claim upon which relief can be granted and the undersigned recommends that these claims be dismissed.

---

[4] Further, the Sixth Circuit held that "absolute judicial immunity has been extended to non-judicial officers who perform 'quasi-judicial' duties. Quasi-judicial immunity 'extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune.'" *Johns*, 109 Fed. App'x at 21 (quoting *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994)).

Similarly, Plaintiff's claim against Defendant McPherson for allowing the Grand Jury to indict him must also be dismissed. Applicable law provides that the absolute immunity that applies to judges also applies to "grand jurors and prosecutors in carrying out their official duties . . . ." *Doe v. Boland*, 630 F.3d 491, 498 (6th Cir. 2011). Further, the Supreme Court has noted that the immunity of grand jurors is a common-law tenet that is "almost equally [as] venerable" as that of judicial immunity.[5] *Imbler v. Pachtman*, 424 U.S. 409, 423 n.20 (1976). Here, there is no question that Plaintiff's claim against McPherson arises out of her performing her official duty as the foreperson of the Grand Jury. Defendant McPherson has absolute immunity in performing this task, and Plaintiff's claim must fail as a matter of law.

2. <u>The Sumner County Sheriff's Department is not a proper defendant under 42 U.S.C. § 1983.</u>

Despite naming the Sumner County Sheriff's Department as a defendant, Plaintiff fails to articulate any specific allegations against it. Plaintiff's "claim" against the Sheriff's Department, although vague at best, appears to be for a violation of constitutional rights under 42 U.S.C. § 1983. (*See* Docket Entry No. 1.) The Sheriff's Department relies on *Mathes v. Metro Gov't of Nashville & Davidson County* for the proposition that the Department is not a proper party under a § 1983 suit. No. 3:10-cv-0496, 2010 WL 3341889 (M.D. Tenn. Aug. 25, 2010). In *Mathes*, the plaintiff's estate sued the Davidson County Sheriff's Office under 42 U.S.C. § 1983 for the

---

[5] The same policy considerations that necessitate prosecutorial immunity also apply to immunity for judges and grand jurors. For example, immunity is necessary because of "the possibility that [a prosecutor, judge, or grand juror] would shade his decisions instead of exercising the independence of judgment required by his public trust." *Imbler*, 424 U.S. at 423.

plaintiff's death while he was incarcerated at a Nashville, Tennessee jail. *Id.* at *2. The defendants in *Mathes* relied upon two earlier Sixth Circuit cases in defending their position that the Davidson County Sheriff's Office was not a proper party under § 1983: *Matthews v. Jones* and *Petty v. County of Franklin.* In *Matthews,* the plaintiff sued a police chief in his official capacity. 35 F.3d 1046 (6th Cir. 1994). The Sixth Circuit held that "[s]ince the Police Department is not an entity which may be sued, Jefferson County is the proper party to address the allegations of [the] complaint." *Mathes,* 2010 WL 3341889, at *1 (citing *Matthews,* 35 F.3d at 1049). In *Petty,* the Sixth Circuit held that "the district court had properly dismissed the defendant sheriff's department because 'under Ohio law, a county sheriff's office is not a legal entity capable of being sued for purposes of § 1983.'" *Id.* (citing *Petty,* 478 F.3d 341, 347 (6th Cir. 2007)). The Court in *Mathes* noted that "since *Matthews*, federal district courts in Tennessee have frequently and uniformly held that police departments and sheriff's departments are not proper parties to a § 1983 suit"[6] and, consequently, dismissed the Davidson County Sheriff's Office from the suit. *Id.* at *3. Based on the foregoing, it is evident that the Sumner County Sheriff's Department is not a proper defendant under § 1983. Therefore, the undersigned recommends that Plaintiff's claim against the Sheriff's Department be dismissed pursuant to Fed.R.Civ.P. 12(b)(6).

---

[6] For an extensive list of Tennessee federal district court decisions holding that police and sheriff departments are not proper parties under § 1983, see *Mathes*, 2010 WL 3341889, at *2.

## IV. CONCLUSION

For the reasons discussed herein, the Magistrate Judge hereby recommends that the motion to dismiss Plaintiff's claims against Defendants Hunter, Smith, McPherson, and the Sumner County Sheriff's Department (Docket Entry No. 8) be **GRANTED**.

Any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to it with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004)(en banc).

ENTERED this \_\_\_\_ day of June, 2012.

s/John S. Bryant
JOHN S. BRYANT
UNITED STATES MAGISTRATE JUDGE

9

Case 3:11-cv-01158   Document 15   Filed 06/22/12   Page 9 of 9 PageID #: 93