```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                        NASHVILLE DIVISION
```

DAVID BRINKLEY,                      )
                                     )
    Plaintiff,                      )
                                     )
            v.                   )     NO. 3:11-1158
                                     )     Judge Sharp/Bryant
THEODORE G. LOFTIS, *et al.*,        )     Jury Demand
                                     )
    Defendants.                     )

**TO: THE HONORABLE KEVIN H. SHARP**

### REPORT AND RECOMMENDATION

Defendant Theodore G. Loftis, Jr., has filed his motion to dismiss for Plaintiff's failure to comply with an order of the Court requiring Plaintiff to file a more definite statement (Docket Entry No. 32). Plaintiff has failed to file any response in opposition to this motion. Moreover, the time for filing such a response has expired, and Plaintiff has not sought any extension of this filing deadline.

For the reasons stated below, the undersigned Magistrate Judge recommends that Plaintiff's complaint be dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

### STATEMENT OF THE CASE

Plaintiff David Brinkley, a prisoner proceeding *pro se* and *in forma pauperis*, has filed his civil rights complaint pursuant to 42 U.S.C. § 1983 naming the Sumner County Sheriff Department and several individual Defendants including Defendant Loftis. The statement of facts in this complaint consists of a single paragraph extending over four pages (Docket Entry No. 1 at 8-11).

Defendant Loftis filed a motion for more definite statement (Docket Entry No. 10), by which he sought an order requiring Plaintiff Brinkley to file a less confusing, plain statement of the facts upon which the claims against Defendant Loftis were based. The Court granted this motion and ordered Plaintiff Brinkley to file on or before July 27, 2012, a more definite statement of the grounds for relief asserted against Defendant Loftis. The Court directed that this more definite statement shall contain a description of all acts or omissions by Defendant Loftis upon which Plaintiff bases his claims.

Plaintiff has failed to file the more definite statement as ordered, and he has not sought additional time within which to do so.

The undersigned further observes that the most recent mail sent to Plaintiff Brinkley by the Clerk has been returned by the Post Office marked "Return to Sender - Attempted - Not Known - Unable to Forward" (Docket Entry Nos. 30 and 31). Thus, it further appears that Plaintiff Brinkley has failed to keep the Clerk informed of his current address, in violation of earlier orders of the Court (Docket Entry No. 5 at 3).

Rule 41(b) of the Federal Rules of Civil Procedure provides that if a plaintiff fails to comply with a court order, a defendant may move to dismiss the action. This rule further provides that unless the dismissal order states otherwise, a dismissal under subdivision (b) operates as an adjudication on the merits.

For the reasons stated above, the undersigned Magistrate Judge finds that Plaintiff Brinkley has failed to comply with an

order of the Court requiring him to file a more definite statement, and that Plaintiff has further failed to comply with the previous order of the Court requiring him to keep the Clerk informed of his current address. For these reasons, the undersigned Magistrate Judge finds that Plaintiff's complaint should be dismissed with prejudice.

## RECOMMENDATION

For the reasons stated above, the undersigned Magistrate Judge recommends that Plaintiff's complaint be DISMISSED with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTERED** this 3rd day of May, 2013.

s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge